**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

<u>**CIVIL MINUTES -- GENERAL**</u>

Case No.     **CV 14-9433-JFW (Ex)**                    Date:  September 24, 2015
             (consolidated with CV 14-7926-JFW(Ex))

Title:       Damion Russell, et al. -v- City of Los Angeles, et al.

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**    **ATTORNEYS PRESENT FOR DEFENDANTS:**
None                                                   None

**PROCEEDINGS (IN CHAMBERS):**     **ORDER DENYING DEFENDANTS' MOTION TO**
**DISMISS PURSUANT TO RULE 4(m)**
**[filed 9/1/2015; Docket No. 44 in CV 14-7926-JFW (Ex)]**

**ORDER TO SHOW CAUSE RE: SANCTIONS**

On September 1, 2015, Defendants Cristanto Alvarado, Robert Collier, Michael Estrada, Brian Van Gorden, Laurent Peiny, Marc Lamont, and Gabriel Whitman (the "Moving Defendants") filed a Motion to Dismiss Pursuant to Rule 4(m).  On September 14, 2015, Plaintiff Q.D.R. ("Plaintiff") filed her Opposition.  On September 21, 2015, the Moving Defendants filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for October 5, 2015 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

The Moving Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 4(m), claiming that they were not served within the 120-day period.  Federal Rule of Civil Procedure 4(m) provides in relevant part: "If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  The Moving Defendants were not named as parties until Plaintiff filed her Second Amended Complaint on July 19, 2015, after the Court granted Plaintiff's motion seeking leave to file that Second Amended Complaint.  Plaintiff then served the Moving Defendants on July 30, 2015, less than two weeks later.  Accordingly, the Moving Defendants' Motion to Dismiss Pursuant to Rule 4(m) is **DENIED**. *See, e.g., McGuckin v. United States*, 918 F.2d 811, 813 (9th Cir. 1990) (holding that the 120-day period must be construed as running from the date of the filing of the amended complaint); *Ramirez v. County of Alameda*, 2013 WL 5934700, at *2 n.1 (N.D. Cal. Oct.

Initials of Deputy Clerk __sr__

31, 2013) ("For defendants added by later amendments to the complaint, the 120-day period runs from the date of the amendment.").

The Court concludes that the Motion to Dismiss Pursuant to Rule 4(m) is frivolous and counsel for the Moving Defendants are ordered to show cause in writing by **October 5, 2015** why the Court should not impose sanctions in the amount of $4,000 for Plaintiff's attorneys' fees incurred in opposing the motion.  No oral argument on this matter will be heard unless otherwise ordered by the Court.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  The Order to Show Cause will stand submitted upon the filing of the response to the Order to Show Cause.  Failure to respond to the Order to Show Cause will result in the imposition of sanctions.

IT IS SO ORDERED.

Initials of Deputy Clerk  _sr_